# UNITED STATES  DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID SOSA, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9040** |
| **RODNEY STRAIN - SHERIFF, ET AL.** | **SECTION:  "S"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, David Sosa, Jr., a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Sheriff Rodney Strain, Warden Marlin Peachey, Deputy Warden Gregory Longino, St. Tammany Parish, and Assistant District Attorney Scott Gardner.

A Spears hearing was held on November 9, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1]  At that hearing, plaintiff was sworn and his testimony was recorded.  Based on his complaint and Spears hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant.  Id.

Plaintiff was arrested on a narcotics charge on January 11, 2005, and was taken to the St. Tammany Parish Jail.  When he was initially placed in the jail, he had to sleep on the floor without a bunk or a bed for five or six days.  Plaintiff also complains that after his arrest he was not afforded a probable cause hearing or released without bond pursuant to La.C.Cr.P  art. 230.2.

Plaintiff additionally asserts various claims related to his treatment during the approach and aftermath of Hurricane Katrina.  He complains that he was not among the prisoners evacuated from the jail as the hurricane approached.  He further complains that, in the hurricane's aftermath, he did not have access to a telephone, he had insufficient food and water, the ventilation was inadequate, he did not have access to a shower, fresh air, sunshine, or a healthy environment, and that he was denied medical care.

Plaintiff additionally alleges that he was released from detention after posting bond on March 8, 2006, and relocated to Texas.  When he returned to Louisiana for a court appearance in June, 2006, defendant Gardner orally moved for the revocation of that bond.  The trial judge granted that motion on the basis that plaintiff was a "flight risk," and he was again detained.

Lastly, plaintiff contends that he does not have adequate access to a law library or legal assistance at the jail.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[2] the Court finds that the complaint should be dismissed as

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

Denial of a Bunk or a Bed

Plaintiff complains that when he was arrested on January 11, 2005, he was denied a bunk or a bed for five or six days.  That claim must be dismissed because it is clearly prescribed.[3]

"[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year."  Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); La. Civ. Code Ann. art. 3492.  Therefore, plaintiff's claim regarding the denial of a bunk or a bed accrued in January, 2005, and prescribed in January, 2006.  Because the instant lawsuit was filed no earlier than October 19, 2006,[4] that claim was long prescribed by the time this action was filed.[5]

---

[3] A district court may dismiss a 42 U.S.C. § 1983 complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) when the complaint demonstrates that the claims asserted are barred by the applicable statute of limitations.  Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

[4] A *pro se* filing is considered to have been "filed" when the inmate presented it to prison officials for mailing.  See Cooper v. Brookshire, 70 F.3d 377, 379-80 (5th Cir. 1995).  This Court will consider plaintiff's complaint to have been filed on the date it was signed, October 19, 2006, because that is the earliest date the complaint could have been given to prison officials.

[5] To the extent that plaintiff may also be contending that he experienced a similar deprivation at any other time, the Court additionally notes that the underlying claim itself is frivolous.  As noted later in this opinion, 42 U.S.C. § 1997e(e) bars prisoners from bringing claims for violations which resulted in no physical injuries.  Plaintiff has not alleged that the denial of a bunk or bed resulted in any physical injury.

<u>Failure to Release from Detention</u>

Plaintiff also claims that, in connection with his initial arrest in 2005, defendants Strain and Peachy failed to release him from detention despite being on notice that he had not been afforded a hearing under La.C.Cr.P. art. 230.2.

For the reasons previously set forth regarding plaintiff's prior claim, this claim would also appear to be prescribed.  However, even if it were not prescribed, it has no merit for the following reasons.

Plaintiff claims that he was arrested without a warrant.  Regarding such arrests, La.C.Cr.P. art. 203.2 provides:

> A.  A law enforcement officer effecting the arrest of a person without a warrant shall promptly complete an affidavit of probable cause supporting the arrest of the person and submit the same to a magistrate.  Persons continued or remaining in custody pursuant to an arrest made without a warrant shall be entitled to a determination of probable cause within forty-eight hours of arrest.  The probable cause determination shall be made by a magistrate and shall not be an adversary proceeding.  The determination may be made without the presence of the defendant and may be made upon affidavits or other written evidence.  A magistrate's determination of probable cause hereunder shall not act as a waiver of a person's right to a preliminary examination pursuant to Article 292.
>
> B.  If a probable cause determination is not timely made in accordance with the provisions of Paragraph A of this Article, the arrested person shall be released on his own recognizance.

The fact that plaintiff was not afforded a hearing is of no moment; article 230.2 does *not* require that a hearing be held.  <u>State v. Hughart</u>, 801 So.2d 388 (La. 2000).  Moreover, even if an arresting officer in fact failed to comply with La.C.Cr.P. art. 203.2, and even if the jailers are aware of that fact, they presumably could not simply release the arrestee in the absence of a court order finding that he was in fact entitled to release on his own recognizance under La.C.Cr.P. art. 203.2.

5

Plaintiff does not allege that he sought such an order or that such an order was ignored by Strain and Peachy. Moreover, plaintiff could have at any time simply requested a preliminary examination to determine whether there was in fact probable cause and if release on his own recognizance or on bail was appropriate. La.C.Cr.P. arts. 292, 296.[6]

Post-Katrina Conditions of Confinement

Plaintiff asserts various claims regarding the unpleasant conditions of his confinement in the immediate aftermath of Hurricane Katrina. He complains:

1.   He did not have access to a telephone to call his family to tell them he was still at the jail.

2.   For approximately a day and a half after the storm, he received no food or water. Thereafter, for approximately another "week or so," he was fed only approximately twice per day, but did not receive "full meals" on every occasion. Additionally, the water he received tasted as though it was contaminated.

3.   The ventilation was inadequate to get rid of the unpleasant odors resulting from the conditions.

4.   During this period, plaintiff did not have access to "fresh air and sunshine" or a "healthy environment to eat, sleep and live in."

---

[6]  If a defendant believes that he has been wrongly denied a preliminary examination, he may seek supervisory review. La.C.Cr.P. 292, Comment (b).

5.      He was not given medical care for approximately "a week and a half."  He claims that, during that period, he had a "boil" under his armpit which eventually healed on its own without medical care.  He also complains that he was not given medical treatment for "hunger pains" and his "difficulty breathing due to smell."

Hurricane Katrina struck this state on August 29, 2005.  Plaintiff's claims relate to events which occurred in approximately the following two weeks.  Therefore, plaintiff's claims accrued no later than mid-September, 2005.  Accordingly, they were arguably prescribed when plaintiff filed this lawsuit more than a year later on October 19, 2006.  However, this Court need not make that determination definitively, in that the claims are clearly subject to dismissal for other reasons.

Federal law provides:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  In the instant case, plaintiff cannot meet the "physical injury" requirement for a cognizable claim.  Plaintiff candidly acknowledged at the Spears hearing that he could point to no physical injury resulting from the conditions of his confinement; rather, he alleged only that he was "traumatized" from being incarcerated under those admittedly unpleasant conditions.  However, feelings of fear and anxiety do not qualify as physical injuries under § 1997e(e).  Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001).  Moreover, even if the Court were to construe plaintiff's hunger pangs and discomfort from the unpleasant smells as physical injuries, they were, at best, *de minimis* injuries.  *De minimis* injuries are insufficient to meet the "physical injury" requirement of § 1997e(e).  See Alexander v.

Tippah County, 351 F.3d 626, 631 (5th Cir. 2003) (inmate's vomiting and nausea was a *de minimis*

injury not constituting a "physical injury" under § 1997e(e)); see also Garcia v. MCSO, No. CV 06-

2417, 2006 WL 3421796, at *3 (D. Ariz. Nov. 27, 2006) (hunger pangs constitute a *de minimis*

injury); Johnson v. Bone, Civ. Action No. 9:04cv108, 2006 WL 2052657, at *2 (E.D. Tex. July 21,

2006) (headaches and hunger pains were *de minimis* injuries); Abney v. Valdez, No. 3-05CV-1645-

M, 2005 WL 3147863, at *2 (N.D. Tex. Oct. 27, 2005) (Kaplan, M.J.) (daily migraines, frequent

urination, and itchy, watery eyes were insufficient to establish "physical injury" requirement)

(recommendation adopted by Lynn, J., on November 22, 2005); Mitchell v. Horn, Civil Action No.

98-4742, 2005 WL 1060658, at *1 (E.D. Pa. May 5, 2005) (severe headaches and itching were

temporary *de minimis* injuries).

    Further, in any event, the undersigned finds that plaintiff's underlying claims are frivolous.

The conditions about which plaintiff complains lasted less than two weeks and occurred in the

immediate aftermath of one of the worst hurricanes ever to strike this nation.  Hurricane Katrina

caused virtually all of this area's citizens, incarcerated and free persons alike, to endure hardships

and unpleasant conditions during the period of time about which plaintiff complains.  Even plaintiff

himself does not allege that the conditions about which he complains were imposed on the inmates

as a form of punishment or resulted from any malevolent intent on the part of his jailers; rather, they

were simply the unfortunate result of an act of nature which wrought devastation throughout this

region.  The fact that an argument could be made that his jailers should have taken more effective

precautions to prepare for the hurricane and its aftermath does not mean that they intentionally violated the inmates' rights by failing to do so.[7]

Lastly, with respect to plaintiff's medical claim, that claim is patently frivolous.  It is clearly established that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities.  See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001) (pretrial detainee); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999) (convicted prisoner).  However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. ... [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. ... And, the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference.

---

[7] At best, any such claim regarding the failure to evacuate or to make better preparations would be a failure-to-protect claim.  However, "[t]o prevail on a section 1983 failure to protect claim, the prisoner must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999) (internal quotation marks omitted).  Regarding the deliberate indifference requirement, the United States Fifth Circuit Court of Appeals has held:

> An official is deliberately indifferent when he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Johnson v. Johnson, 385 F.3d 503, 524 (5th Cir. 2004) (quotation marks omitted).  "[D]eliberate indifference cannot be inferred merely from *a negligent or even a grossly negligent* response to a substantial risk of serious harm." Thompson v. Upshur County, Texas, 245 F.3d 447, 459 (5th Cir. 2001) (emphasis added).  "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks and citations omitted).

The only alleged medical needs plaintiff has identified are a boil which healed on its own, hunger pangs, and discomfort from the unpleasant smells.  Those conditions simply do not qualify as "serious medical needs" which trigger federal constitutional protections.  Moreover, even if they could so qualify, plaintiff testified that the period of time during which he was denied medical care lasted only a week and a half.  Mere delay in receiving medical care is normally insufficient to create § 1983 liability.  Rather, delay in medical care results in a constitutional violation only if there has been deliberate indifference which results in substantial harm.  Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993).  Where, as here, there was no substantial harm resulting from the delay in receiving treatment, the constitutional claim necessarily fails.  See Harris v. Ashby, No. 01-11110, 2002 WL 1899583, at *2 (5th Cir. July 8, 2002).

### Assistant District Attorney Scott Gardner

Plaintiff next complains that Assistant District Attorney Scott Gardner acted improperly in making an oral motion for the revocation of plaintiff's bond.  As previously noted, the trial judge granted that motion on the basis that plaintiff was a "flight risk," and plaintiff was again detained.

Gardner is protected by absolute prosecutorial immunity for the actions he took in plaintiff's criminal prosecution.  "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process."  Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994).  A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom."  Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted).  Further, "[a]bsolute immunity shelters prosecutors even

when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).  If plaintiff believed that his bond was improperly revoked or forfeited, his recourse was to challenge the pertinent ruling in the state's appellate courts, not to sue the prosecuting attorney in a federal civil rights action.

Law Library and Legal Assistance

Lastly, plaintiff claims that he does not have adequate access to a law library or legal assistance at the jail.  It is clear that inmates have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977).  However, that right is not absolute; rather, as the United States Supreme Court has noted:

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis v. Casey, 518 U.S. 343, 355 (1996) (emphasis in original).   Accordingly, the right encompasses only the access to law libraries or assistance from legally trained personnel necessary to file *nonfrivolous* legal claims challenging the inmates' *convictions or conditions of confinement*. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).[8]

---

[8] The right of access to courts also extends to pretrial detainees.  See United States v. Moya-Gomez, 860 F.2d 706, 743 (7th Cir. 1988); Kirkpatrick v. Daugherty, Civil Action No. 6:05cv461, 2006 WL 2401108, at *4 (E.D. Tex. Aug. 17, 2006); Williams v. Bartel, Civil Action No. 05-21, 2006 WL 2547064, at * 3 (W.D. La. June 19, 2006) (Wilson, M.J.) (Report and Recommendation adopted by Trimble, J., on August 31, 2006).  However, pretrial detainees are often in a different situation, in that they normally have appointed counsel representing them with respect to their pending criminal charges.  The appointment of such counsel satisfies the detainee's right of access to courts for his criminal proceedings; in those circumstances, he is not additionally entitled to

An inmate has a viable access-to-courts claim *only* if he can "demonstrate that his position as a litigant was prejudiced by his denial of access to the courts." McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis, 518 U.S. at 351. When questioned at the Spears hearing, plaintiff could point to no instance in which his alleged denial of access to an adequate law library or legal assistance resulted in any missed deadlines or other prejudice in his court proceedings. Therefore, his claim necessarily fails.

## Class Action

Plaintiff has requested that he be allowed to pursue this matter as a class action. Even if the matter were not subject to dismissal for the reasons previously set forth, *pro se* litigants should not be allowed to serve as class representatives. As the United States Tenth Circuit Court of Appeals has noted:

> Under Rule 23(a)(4) [of the Federal Rules of Civil Procedure], a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

---

independent access to a law library and legal materials. Kirkpatrick, 2006 WL 2401108, at *4; Williams, 2006 WL 2547064, at *3. Moreover, such inmates are not entitled to access to a law library even if they knowingly and voluntarily choose to *waive* appointed counsel. Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996) ("[H]aving rejected the assistance of court appointed counsel, [an inmate has] no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial."); see also Caraballo v. Federal Bureau of Prisons, 124 Fed. App'x 284, 285 (5th Cir. 2005); Gordon v. Police Jury of Jefferson Davis Parish, No. 01-30146, 2001 WL 1468183, at *1 (5th Cir. Oct. 26, 2001).

<u>Fymbo v. State Farm Fire & Casualty Co.</u>, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation marks and citations omitted).  While plaintiff has pursued this litigation with tenacity and zeal, those traits "are no substitute for the skill and experience which are needed to prosecute an action on behalf of a class."  <u>Mackenzie v. Local 624, International Union of Operating Engineers</u>, 472 F. Supp. 1025, 1033 (N.D. Miss. 1979).

Injunctive Relief

To the extent that plaintiff is requesting injunctive relief, he clearly has failed to establish that such relief is warranted.  Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. <u>See</u> <u>Valley v. Rapides Parish School Board</u>, 118 F.3d 1047, 1051 (5th Cir. 1997); <u>see also Ingebresten v. Jackson Public School District</u>, 88 F.3d 274, 278 (5th Cir. 1996); <u>Doe v. Duncanville Independent School Dist.</u>, 994 F.2d 160, 163 (5th Cir. 1993); <u>Holland American Ins. Co. v. Succession of Roy</u>, 777 F.2d 992, 997 (5th Cir. 1985).  The movant must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction. <u>See</u> <u>Mississippi Power & Light v. United Gas Pipe Line Co.</u>, 760 F.2d 618, 621 (5th Cir. 1985).

The United Stated Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy," which should be granted only if the movant has clearly

13

carried the burden of persuasion on all four of the above prerequisites.  See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994).  As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule."  Id.; see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

Because plaintiff's complaint should be dismissed in its entirety for the reasons previously set forth, injunctive relief clearly is not warranted in this case.

State Law Claims

To the extent that plaintiff is attempting to assert pendent state law claims, the Court should decline to exercise supplemental jurisdiction over such state law claims if all of the federal claims are dismissed.   See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [pendent] claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous, for failing to state a claim on which relief may be granted, and for seeking  monetary damages against a defendant who is immune from such relief.

**IT IS FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

14

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighth day of January, 2007.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE